Huizhen Dong v. Holder

BIA
Nelson, IJ
A076 143 164

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

HUIZHEN DONG,
> Petitioner,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-2399-ag
NAC

_____

FOR PETITIONER: Gary J. Yerman, Esq., New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan F. Potter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huizhen Dong, a native and citizen of the People's Republic of China, seeks review of a May 18, 2011 decision of the BIA affirming the June 3, 2010 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huizhen Dong*, No. A076 143 164 (B.I.A. May 18, 2011), *aff'g* No. A076 143 164 (Immig. Ct. N.Y.C. June 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the decisions of the IJ and BIA "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

1.  <u>Asylum</u>

Dong first challenges the agency's decision that she failed to demonstrate that she filed for asylum within one year of her arrival to the United States.  We lack jurisdiction to review this challenge, *see* 8 U.S.C. § 1158(a)(3), except insofar as it raises constitutional claims or "questions of law," *id.* § 1252(a)(2)(D).  Dong's argument that (1) her own testimony, (2) her passport stamp, and (3) her brother's testimony established her April 2008 arrival are factual challenges that we may not consider. *See Jin Jin Long v. Holder*, 620 F.3d 162, 165 n.3 (2d Cir. 2010).

To the extent Dong argues that the BIA erred as a matter of law in declining to consider a new translation of her passport stamp, we are not persuaded.  The BIA is not permitted to consider new evidence on appeal, *see* 8 C.F.R. § 1003.1(d)(3)(iv), and the agency thus did not err by "reject[ing] th[is] evidence without consideration," *De La Rosa v. Holder*, 598 F.3d 103, 108 n.2 (2d Cir. 2010). Moreover, to the extent Dong further argues that the IJ erred as a matter of law in failing to consider the date of entry alleged by the government on Dong's initial Notice to Appear, *see Dong Zhong Zheng v. Mukasey*, 552 F.3d 277,

3

285–86 (2d Cir. 2009), Dong's failure to exhaust this issue before the BIA precludes us from reviewing it, *see Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004).

2.  Withholding of Removal and CAT

We need not reach any of Dong's other arguments regarding the agency's denial of her asylum claim.  However, insofar as Dong further challenges the agency's denial of her withholding of removal and CAT claims, we identify no error in the agency's conclusion that Dong failed to demonstrate a well-founded fear of future persecution, let alone to meet the higher standards required to prevail on withholding of removal and CAT claims.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

The agency did not err in determining that Dong had not demonstrated a reasonable fear that the Chinese government would target her for persecution.  Although Dong presented evidence that the leader of her church had suffered persecution, Dong presented no evidence that any ordinary members of her church had ever been harmed by the government in any manner.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (stating that fear is not objectively reasonable if it lacks "solid support" in record and is merely "speculative at best").  Moreover, while the State

4

Department's 2009 Religious Freedom Report demonstrated that Chinese authorities sought to limit proselytizing, the same report also indicated that such policies varied widely by region.  In the absence of any evidence of such policies in Dong's native Fujian Province, the agency was not required to conclude that Dong had demonstrated an objectively reasonable fear of persecution.  *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

Finally, the agency reasonably concluded that Dong had not established a "systemic, pervasive, or organized" pattern of persecution of Christians in China.  *See Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

3.  Conclusion

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk